## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED ORDER GRANTING** |
| | ) | **MOTION FOR RELEASE** |
| vs. | ) | |
| | ) | |
| Kaine Justice Hurley, | ) | Case No.  1:22-cr-094 |
| | ) | |
| Defendant. | ) | |

The court convened a detention hearing for defendant June 14, 2022.  (Doc. No. 40).  At that hearing, defendant consented to detention.  (Doc. No. 40, 41).  Consequently, the court ordered defendant detained with the caveat that his name would be placed on the waiting list for residential re-entry placement.  (Doc. No. 41).

Defendant is presently in Marshals Service custody at the Sherburne County Jail in Elk River, Minnesota.  On August 19, 2022, he filed a motion for pretrial release.  (Doc. No. 72).  He requests to be released to Adult & Teen Challenge's ("Teen Challenge") residential treatment facility in Mandan, North Dakota.  He further requests that the court direct the Marshals Service to arrange for his transport to Teen Challenge as he no other transportation options.

Under the Bail Reform Act, the court may reopen a detention hearing at any time before trial if it "finds that information exists that was not known to [defendant] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the [defendant's appearance] as required and the safety of any other person and the community."  18 U.S.C. § 3142(f).

Having reviewed the record, the court notes that there is an active bench warrant issued by

municipal court in Bismarck for defendant and that defendant has criminal matters pending in both municipal and state district court. The court is nevertheless inclined to afford defendant the opportunity to participate in Teen Challenge's treatment programming. First, defendant has now endured a period of forced sobriety. Second, treatment would be beneficial for defendant. Third, a placement in a treatment program was not an available option at the time of defendant's detention hearing. Finally, the court is persuaded that, given the availability of a treatment program for defendant and defendant's ties to the community, there are conditions it can impose that will reasonably assure defendant's appearance as required and the safety of others.

Accordingly, the court **GRANTS** defendant's motion (Doc. No. 72). The Marshals Service shall transport defendant to Teen Challenge as soon as practicable. Upon arriving at Teen Challenge, defendant shall be released subject to the following conditions:

(1) Defendant must not violate federal, state, tribal, or local law while on release.

(2) Defendant must appear in court as required and must surrender to serve any sentence imposed.

(3) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by that Officer.

(4) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection progress or specimen may be considered the same as

a positive test.

(5)     Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6)     Defendant shall not knowingly or intentionally have any directed or indirect contact with co-defendants except that counsel for the defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of the defendant's legal defense.

(7)     Defendant shall reside at Teen Challenge, fully participate in its treatment programming, and abide by its rules and regulations.  Immediately upon arriving at Teen Challenge, defendant shall immediately contact USPO Christine Argall at (701) 530-2407.

(8)     Defendant shall execute releases as necessary so that the Pretrial Services Office may monitor his progress and participation in Teen Challenge's treatment programming.

(9)     Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

(10)    Upon his discharge or termination from Teen Challenge's treatment program, defendant shall immediately report to the United States Marshal's Office in Bismarck with the understanding that he shall be detained pending further order of the Court.

**IT IS SO ORDERED.**

Dated this 25th day of August, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
